IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACOB SELL,

Plaintiff,

v.

VERNON CNTY., VERNON CNTY. SHERIFF'S OFFICE, VILLAGE OF LA FARGE, LA FARGE POLICE DEP'T, MARK BELLACERO, STEVE PALMER, and MATT HOFF,

Defendants.

OPINION and ORDER

26-cv-808-jdp

---

Plaintiff Jacob Sell, proceeding without counsel, alleges that defendants violated his rights in several ways. Dkt. 1. This alleged misconduct included unlawfully arresting Sell, using excessive force on him, and exposing him to unconstitutional conditions of confinement.

Because Sell is proceeding without prepaying the filing fee, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a plausible claim for relief, or seeks money damages from an immune defendant. I must accept Sell's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will not allow Sell to proceed on any of his claims because his complaint violates Federal Rule of Civil Procedure 20 by bringing several claims based on separate events against different individual defendants. But I will allow Sell to choose which claims he wishes to proceed on in this case, and to inform the court whether he wishes to pursue his claims based on different events.

## ALLEGATIONS OF FACT

The events underlying Sell's claims can be grouped into two primary incidents.

**Incident 1 (arrest and use of force)**: On October 9, 2023, the chief of police for the Village of La Farge, defendant Steven Palmer, arrested Sell because he was filming on a public sidewalk in front of a municipal office. Palmer and a Vernon County sheriff's deputy, defendant Mark Bellacero, forcefully took Sell to the ground. Palmer drove erratically while transporting Sell to the Vernon County Jail even though Sell was not wearing a seatbelt.

**Incident 2 (stay at the jail)**: At the jail, Sell was placed in a restraint chair. He was then placed in an isolation cell without a due process hearing. The isolation cell lacked running water and Sell received only a limited amount of fluids with his meals. A correctional deputy for the Vernon County Sheriff's Office, defendant Matt Hoff, refused Sell's request for more fluids. Sell was given a "stiff mat like object" to cover his body. Dkt. 1 at 4. Sell did not receive a mattress until the evening, and he had to "get[] inside the mattress liner" to stay warm. *Id.* Sell did not receive toiletries and other items and privileges during his stay in the isolation cell, which lasted more than 24 hours.

## ANALYSIS

There is an obstacle to screening the merits of Sell's claims: improper joinder. Under Federal Rule of Civil Procedure 20(a)(2), a plaintiff may join multiple defendants only when the claims arise from the same set of events and share a common question of law or fact. Courts may consider whether the plaintiff has improperly joined defendants when screening a complaint. *See Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018). As set forth above, Sell bases his claims on two separate events and asserts them against different individual

defendants. Sell's complaint does not comply with Rule 20. His conclusory assertion of claims related to each incident against all the entity defendants does not cure the improper joinder. *See* Dkt. 1 at 4.

I will give Sell a short time to respond to this order to explain which one of his two potential lawsuits he wishes to pursue under this case number (either a lawsuit based on incident 1 or incident 2). After Sell provides that information, I will treat the part of his complaint related to those events as the operative pleading and screen the corresponding claims. If Sell also wishes to proceed on the other incident, he should inform the court and I will open a new lawsuit under a new case number for that incident. If Sell chooses to pursue a new lawsuit based on the other incident, he will have to pay the full filing fee in that case, or file a successful motion for leave to proceed without prepaying the filing fee in that case, before I will screen his claims based on that incident.

## ORDER

IT IS ORDERED that:

1. Plaintiff Jacob Sell may have until October 1, 2026, to file a short notice in which he chooses which of the two incidents set forth above he wishes to pursue under this case number, and in which he informs the court whether he wishes to proceed on the other incident also set forth above.

2. If plaintiff does not comply with this order, I may dismiss the case.

Entered September 17, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge